UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE ) <br> AUTOMOBILE MECHANICS' LOCAL ) <br> NO. 701 UNION AND INDUSTRY ) <br> WELFARE FUND, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBERT LEE BROWN, ) <br> ) <br> Defendant. ) | Case No. 12-cv-10268 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff Board of Trustees of the Automobile Mechanics' Local No. 701 Union and Industry Welfare Fund ("the Fund"), on behalf of its fiduciary the Automobile Mechanics' Local No. 701 Union and Industry Welfare Plan ("the Plan"), has brought this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3), to recover medical and disability expenditures paid on behalf of Defendant Robert Lee Brown. Brown moves to dismiss certain Counts of the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a cause of action. For the reasons presented below, Brown's Partial Motion to Dismiss [28] is granted.

### BACKGROUND

Brown, a resident of St. Louis, Missouri, was a participant in the Plan, a self-funded welfare benefit plan that provides medical and disability benefits. (Compl. ¶¶ 5-6.) On September 17, 2004, Brown suffered a work-related accident and sustained bodily injury. (*Id.* ¶ 7.) As a result of that injury, the Plan expended a total of $35,728.55 in medical and disability benefits on Brown's behalf. (*Id.* ¶¶ 7-8.)

Pursuant to Brown's reimbursement and subrogation agreement with the Plan, Brown was required to reimburse the Plan for its expenditures in the event that Brown recovered money for his injuries from another source. (Compl. Ex. 1, at § 2.16(B)(1); Ex. 2, at 2.) In 2012, Brown settled a worker's compensation claim with the Missouri Department of Labor for his 2004 injury and received a payment in an amount that exceeded the Plan's expenditures of $35,728.55. (Compl. ¶¶ 9, 14.) However, Brown refused to reimburse the Plan for its expenditures. (*Id.* ¶ 17.)

## LEGAL STANDARD

A Rule 12(b)(6) motion "challenges the sufficiency of the complaint." *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "[a] plaintiff's complaint need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true; and all reasonable inferences are construed in the plaintiff's favor. *Tamayo*, 526 F.3d at 1081. However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

**ANALYSIS**

In its Complaint, the Fund asserts four claims under ERISA, § 502(a)(3), 29 U.S.C. § 1132(a)(3),[1] all of which seek to recover the $35,728.55 in benefits paid on Brown's behalf: equitable lien (Count I); constructive trust (Count II); unjust enrichment (Count III); and affirmative injunction (Count IV). Brown argues that the unjust enrichment and affirmative injunction counts should be dismissed on the basis that those claims seek a legal remedy in the form of monetary damages, which is not permitted under § 502(a)(3). Plaintiff argues that its claims are equitable and authorized under the recent Supreme Court decision, *CIGNA Corp. v. Amara*, 131 S. Ct. 1866 (2011).

*Remedies for Reimbursement Under § 502(a)(3)*

Under § 502(a)(3), a plan fiduciary may bring a civil action: "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

In *Mertens v. Hewitt Associates*, 508 U.S. 248, 255 (1993), the Supreme Court first addressed § 502(a)(3)'s "other appropriate equitable relief" and held that it did not authorize a suit for money damages. In *Mertens*, a class of beneficiaries of a retirement plan sued the plan's actuary for money damages relating to shortfalls in the plan. *Id.* at 250. In affirming the dismissal of the suit, the *Mertens* Court explained that the class sought "nothing other than compensatory *damages* – monetary relief for all losses their plan sustained . . . . Money damages are, of course, the classic form of *legal* relief." *Id.* at 255 (emphasis in original). The Court

---

[1] ERISA § 502(a)(3) corresponds to 29 U.S.C. § 1132(a)(3).

stated that "equitable relief" in § 502(a)(3) must refer to "those categories of relief that were *typically* available in equity." *Id.* at 256 (emphasis in original).

Following *Mertens*, in *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204, 220 (2002), the Supreme Court affirmed the dismissal of an ERISA action against a plan beneficiary for money damages. In facts similar to those presented in the present case, the *Great-West* petitioners sought specific performance of the benefit plan's reimbursement provision and restitution for benefits paid after the beneficiary recovered payment from a third-party tortfeasor. *Id.* at 207-08. The *Great-West* Court held that petitioners were not entitled to specific performance, noting that "an injunction to compel the payment of money past due under a contract, or specific performance of a past due monetary obligation, was not typically available in equity." *Id*. at 210-11. Instead, "[a] claim for money due and owing under a contract is 'quintessentially an action at law.'" *Id.* at 210 (quoting *Wal–Mart Stores, Inc. v. Wells*, 213 F.3d 398, 401 (7th Cir. 2000)). The Court also held that the petitioners were not entitled to equitable relief in the form of restitution because the beneficiary did not have the "particular funds" that had been paid by the benefits plan. 534 U.S. at 213. The Court explained that "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Id.* at 214.

Then, in *CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 1879 (2011), the Supreme Court considered a suit by a class of beneficiaries against a plan fiduciary relating to changes in the plan's terms. The district court held that the new plan had not been adequately disclosed, reformed the plan, and ordered that the beneficiaries be paid benefits in accordance with the reformed plan. *Id.* at 1872-76. The Supreme Court, addressing § 502(a)(3), noted that the relief ordered by the district court resembled "traditional equitable relief." *Id.* at 1879. With respect to

4

the district court's order to pay beneficiaries money owed them under the reformed plan, the Court explained that "the fact that this relief takes the form of a money payment does not remove it from the category of traditionally equitable relief. Equity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Id.* at 1880.

In *Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869, 882 (7th Cir. 2013), the Seventh Circuit interpreted *CIGNA* and held that a plan beneficiary can seek make-whole money damages as an equitable remedy under § 502(a)(3) if the beneficiary can show the defendant breached its fiduciary duty to her. In so doing, the *Kenseth* court emphasized that the relief concerned a breach of a fiduciary duty and that "[t]he identity of the defendant as a fiduciary, the breach of a fiduciary duty, and the nature of the harm are important in characterizing relief." *Id.* at 880.

In this case, unlike *CIGNA* or *Kenseth*, the Fund does not assert a breach of fiduciary duty against Brown warranting an equitable remedy. Instead, the Fund seeks essentially the same kind of legal relief that was rejected by the Supreme Court in *Great-West*, 534 U.S. at 211. Although the Fund characterizes its claims as equitable ones for unjust enrichment and restitution under § 502(a)(3), those claims seek to impose personal liability on Brown to pay a sum of money, a legal, not equitable, remedy. *See Great-West*, 534 U.S. at 211 ("In such cases, the plaintiff's claim was considered legal because he sought 'to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money.'") (quoting *Restatement of Restitution*, § 160, cmt. a (1936)). Furthermore, as in *Great-West*, 534 U.S. at 214, there is no allegation that Brown received the particular funds from the Plan; rather, the Complaint alleges

that the "Plan expended a total of $35,728.55 on Brown's behalf." (Compl. ¶ 8.)[2] Moreover, the above cited language for *CIGNA* expressly limits damages as equitable relief in an action by the plan beneficiary against a defendant-trustee as fiduciary, contrary to the case here.

Because Counts III and IV seek legal remedies that are not available under § 502(a)(3), they fail to state a claim for which relief may be granted. Accordingly, Count III and Count IV are dismissed.

## CONCLUSION

For the reasons set forth above, Brown's Partial Motion to Dismiss Counts III and IV, pursuant to Fed. R. Civ. P. 12(b)(6), is granted. The Fund is granted thirty days to amend its Complaint, if it can do so in accordance with Rule 11.

Date:   October 30, 2013

JOHN W. DARRAH
United States District Court Judge

---

[2] Tellingly, the Fund argues, in its response brief, that its unjust enrichment claim should be allowed to stand under federal common law if it is not permitted under § 502(a)(3). However, the Fund has not asserted a federal common law claim for unjust enrichment in its Complaint.

6