UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 12-cv-10268 |
| v. | ) ) | Judge John W. Darrah |
| ROBERT LEE BROWN and CASSANDRA SORENSEN, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On October 8, 2014, this Court entered a Stipulated Judgment Order, whereby the parties agreed to an entry of Judgment in favor of Plaintiff and against Defendant Robert Lee Brown in the amount of $28, 881.44. Plaintiff has filed a Motion for Attorney's Fees, pursuant to Section 502(g)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(1). Brown has filed a Cross-Motion for Attorney's Fees, which seeks only to offset any fees awarded to Plaintiff and does not independently seek fees if none are awarded to Plaintiff.

## BACKGROUND

In September 2004, Brown suffered a work-related injury. (Compl. ¶ 7.) His welfare benefit plan, the Automobile Mechanics' Local No. 701 Union and Industry Welfare Fund ("the Plan"), expended $28,881.44 in medical expenses and $6,847.11 in disability benefits, for a total of $35,728.55, on his behalf. (*Id.* ¶¶ 7-8.) Brown subsequently initiated a worker's compensation claim based on his injuries and received a settlement payment. In December 2012,

Plaintiff, acting on behalf of the Plan, filed this action for reimbursement of the benefits paid to Brown. Plaintiff alleged that, pursuant to the subrogation and reimbursement provision of the Plan's contract, Brown was required to reimburse the Plan in the event that Brown recovered money for his injuries from another source. (*Id.* ¶¶ 10-12.)

On April 16, 2013, the Court granted Brown's motion for leave to proceed *in forma pauperis* and appointed counsel to represent Brown. On October 30, 2013, upon Brown's motion, the Court dismissed the unjust enrichment and affirmative injunction claims from the Complaint. Following exchange of discovery, Brown made a Rule 68 Offer of Judgment to Plaintiff, representing the $28,881.44 in medical benefits the Plan expended but not the disability benefits, which Plaintiff accepted.[1] The parties, however, could not agree on the issue of attorney's fees to be awarded.

## LEGAL STANDARD

Pursuant to 29 U.S.C. § 1132(g)(1) of ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Under ERISA, "there is a 'modest presumption' in favor of awarding fees to the prevailing party, but that presumption may be rebutted." *Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001); *see also Jackman Fin. Corp. v. Humana Ins. Co.*, 641 F.3d 860, 866 (7th Cir. 2011). In *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010), the Supreme Court held that ERISA's provision is not limited only to the prevailing party; rather, the court may award fees to any party that has achieved "some degree of success on the merits." *Id.*

---

[1] Defendant Cassandra Sorensen was dismissed, pursuant to the parties' stipulation, on November 18, 2014.

Once a party has demonstrated "some degree of success on the merits," courts then "must determine whether fees are appropriate." *Pakovich v. Verizon Ltd. Plan*, 653 F.3d 488, 494 (7th Cir. 2011) (citing *Huss v. IBM Med. & Dental Plan*, 418 F. App'x 498, 511-12 (7th Cir. 2011)).

The Seventh Circuit has articulated two tests for analyzing the propriety of a fee request. *Quinn v. Blue Cross and Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998). Under the first test, the following five factors are considered:

> (1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; (3) whether or not an award of attorneys' fees would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions.

*Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wisconsin, Inc.*, 657 F.3d 496, 505-06 (7th Cir. 2011) (quoting *Quinn*, 161 F.3d at 478).

Under the second test, the court looks to whether "the losing party's position was 'substantially justified.'" *Kolbe & Kolbe*, 657 F.3d at 506 (quoting *Quinn*, 161 F.3d at 478). This test looks at "a party's posture during the case as a whole" and the "entire litigation background." *Temme v. Bemis Co.*, 762 F.3d 544, 551 (7th Cir. 2014). However, both tests essentially ask the same question: "was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 593 (7th Cir. 2000) (citation omitted); *see also Kolbe & Kolbe*, 657 F.3d at 505-06 (describing both tests and observing that they seek the same information); *see also Pakovich*, 653 F.3d at 494 ("To award fees, 'court[s] must find the non-prevailing party's litigation position was not substantially justified.'") (quoting *Huss*, 418 F. App'x at 512). For this reason, the five-factor test is used to "structure or implement, rather than

3

to contradict" the substantially justified test. *Lowe v. McGraw-Hill Co.,* 361 F.3d 335, 339 (7th Cir. 2004).[2]

## ANALYSIS

Brown concedes that Plaintiff has achieved success on the merits because the parties agreed to the Stipulated Judgment Order. Brown argues, however, that an award of attorney's fees is not appropriate under either test outlined above. In his Cross-Motion, Brown contends that if fees are awarded, they should be offset by his attorney's fees because he also achieved some success on the merits. The Court will utilize the five-factor test in determining whether Plaintiff is entitled to an award of fees.

*Culpability and Bad Faith*

Plaintiff contends that Brown acted in bad faith because he knowingly failed to reimburse the Plan for his medical expenses, had no legitimate defense to his contractual obligations to reimburse the Plan, and absconded with the money by moving to Montana. Plaintiff faults

---

[2] The Seventh Circuit has thus far declined to directly address whether *Hardt* invalidated these two tests, except to state that a showing of bad faith is no longer essential to a fees award. *See Raybourne v. Cigna Life Ins. Co. of New York*, 700 F.3d 1076, 1089 (7th Cir. 2012). In *Temme*, the court acknowledged the ambiguity caused by *Hardt* but also noted that both tests have been used since *Hardt*:

> Two approaches have developed . . . to incorporate *Hardt*'s "some degree of success" principle into the jurisprudential landscape. One holds that *Hardt* defines a threshold for eligibility for a fee award, but that the district court still must consider the five factors to determine whether an award is appropriate. The second approach holds that assessing whether a party achieved some degree of success on the merits of its claim is the only factor a district court must account for, though a district court may still consider the other factors, as before. But, even under the second approach, if a district court proceeds to analyze the five factors, a court of appeals reviews that analysis for abuse of discretion, just as it would before *Hardt*. We have affirmed the use of both tests post-*Hardt*.

*Temme*, 762 F.3d at 550 (internal citations omitted).

Brown for filing a Motion to Dismiss and by seeking, unsuccessfully, to transfer the matter to the District of Montana, where he lives.

Brown responds that he reasonably believed that the obligation to Plaintiff had already been satisfied through a lien and that Plaintiff had delayed producing documentary evidence showing its lien was not satisfied. Brown also states that his failure to immediately reimburse Plaintiff was a product of financial hardships, which had necessitated his move to Montana, where his cost of living is significantly reduced. To that point, Brown was proceeding *pro se* when the lawsuit was originally filed and initially lacked the assistance of counsel until counsel was appointed for him. Brown further points out that, once he received documents establishing his obligation, he offered a judgment to Plaintiff.

Brown clearly was contractually obligated to reimburse Plaintiff for the money that he recovered under his worker's compensation claim. However, there is no evidence that Brown acted in bad faith in not immediately paying Plaintiff and requesting, instead, documents to support Plaintiff's claim. As this Court found, Brown has limited financial resources. Although Plaintiff attempts to paint Brown as moving to Montana solely to escape his obligations to the Plan, it is more believable that Brown moved there for a lower cost of living. Furthermore, Brown's partial Motion to Dismiss was meritorious; the Court agreed with Brown and dismissed two of Plaintiff's counts. With respect to Brown's Motion to Transfer, this Court found that a transfer was not warranted based on all the relevant factors. However, Brown's filing of the Motion does not appear to be in bad faith, as he is a resident of the District of Montana and has a basis for requesting the transfer. In sum, although Brown is culpable in the sense that he was clearly obligated to reimburse the Plan according to documents he executed, there is no evidence

that he acted in bad faith in refusing to do so initially. Consequently, this factor weighs only slightly in favor of awarding attorney's fees.

*Personal Ability to Satisfy an Award of Attorney's Fees*

As indicated by his *in forma pauperis* application, Brown lives on a limited, fixed income of $1,600 per month in Social Security Disability benefits. (Dkt. No. 22.) Based on this information, the Court appointed counsel to represent Brown. Plaintiff argues that Brown owns land that could be used to pay an award of fees. However, when Brown offered to transfer title of this land to Plaintiff, Plaintiff refused because of the difficulty in converting land to cash.

Clearly, Brown lacks financial resources to satisfy a large award of attorney's fees. Imposing fees would create a crippling financial hardship on him. This factor weighs against attorney's fees.

*Deterrent Effect*

An award of fees would have some deterrent effect in that it would encourage individual participants to reimburse the Plan as required by their contracts, instead of requiring Plaintiff to initiate a lawsuit. However, as discussed above, Brown's position in the litigation as a whole was not taken in bad faith. Therefore, this factor weighs only slightly in favor of awarding attorney's fees.

*Amount of Benefit Conferred on Plan's Participants*

The Plan is a self-funded welfare benefits plan. Therefore, any money recovered will go to benefit the participants of the Plan. This factor weighs in favor of an award of attorney's fees.

*Relative Merits of Parties' Positions*

"In determining whether the losing party's position was 'substantially justified,' the Supreme Court has stated that a party's position is 'justified to a degree that could satisfy a reasonable person.'" *Trustmark Life Ins. Co. v. University of Chicago Hospitals*, 207 F.3d 876, 884 (7th Cir. 2000) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Although Brown was not the prevailing party, he achieved more than a procedural victory in the litigation. As noted above, he successfully dismissed two of Plaintiff's counts. Brown also asserted affirmative defenses of unclean hands and laches that were reasonably based. His unclean hands defense arose from Plaintiff's original demand for $6,847.11 in disability benefits. This was a reasonable defense because the subrogation clause required reimbursement for medical benefits and is silent as to disability benefits. Brown's laches was based on the reasonable belief that Plaintiff failed to properly secure its lien against Brown's worker's compensation settlement.

Looking at Brown's stance as a whole throughout the case, the Court finds that Brown's litigation position was substantially justified and taken in good faith, and not merely taken to harass his opponent. *See Bowerman*, 226 F .3d at 593; *Pakovich*, 653 F.3d at 494 ("To award fees, 'court[s] must find the non-prevailing party's litigation position was not substantially justified.) Guided by this finding and the five-factor test, the Court holds that attorney's fees are not justified.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's Motion for Attorney's Fees [69]. The Court denies Brown's Cross-Motion for Attorney's Fees [74] as moot, on the basis that Brown sought fees only if Plaintiff's Motion was granted.

Date:   April 23, 2015

_____
JOHN W. DARRAH
United States District Court Judge